IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03240-PAB-STV

JOSEPH MICAH GOTTFRIED,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a body corporate and political subdivision of the State of Colorado,
POUDRE VALLEY MEDICAL GROUP, LLC, a Colorado corporation d/b/a UCHealth Medical Group, and
POUDRE VALLEY MEDICAL GROUP, INC., a Colorado non-profit corporation d/b/a Poudre Valley Hospital Inc.,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendants' Rule 72 Objections to the October 11, 2024 Order [ECF No. 65]. Docket No. 66. Defendants object to the scope of the magistrate judge's order regarding the scope of plaintiff's Rule 30(b)(6) notice.

## I.    BACKGROUND

On October 8, 2023, plaintiff Joseph Gottfried filed this case in state court. Docket No. 5. On December 8, 2023, defendants removed the case to federal court. Docket No. 1. On February 5, 2024, Dr. Gottfried filed his third amended complaint, in which he brings claims based on violations of the Colorado Anti-Discrimination Act and the Americans with Disabilities Act for defendants' allegedly wrongful termination of him as a psychiatrist at the Mountain Crest Behavioral Health Center due to his Parkinson's Disease. Docket No. 29 at 3–15, ¶¶ 10–96. Defendants assert that Dr. Gottfried was

instead terminated because he showed colleagues a sexually violent video without sufficient context.  Docket No. 66 at 2–3.

On September 9, 2024, Dr. Gottfried sent defendants Plaintiff's Notice of F.R.C.P. 30(b)(6) Deposition for UCHA and PVMG.  Docket No. 66-1 at 7.  As part of the notice, Dr. Gottfried asked defendants to produce a witness to be deposed on the following matters:

> E.  Were there other disability discrimination claims by employees at the Mountain Crest facility within the last seven years[.]  If so, identify names, case numbers, if any, provide a description of facts, and how resolved?
> . . . .
> Q.  Other disabled individuals and how accommodated by UCHA and/or PVMG within the last five years at the Mountain Crest location.

*Id.* at 3, 5.

On October 11, 2024, Magistrate Judge Scott T. Varholak held a hearing on defendants' objections to Dr. Gottfried's Rule 30(b)(6) deposition notice.  Docket No. 68 at 1.  Judge Varholak overruled defendants' objections, finding that Dr. Gottfried's notice was sufficiently particularized under Fed. R. Civ. P. 30(b)(6) for defendants to prepare a deponent.  Docket No. 68 at 9:17–20; Docket No. 65 at 1.

On October 25, 2024, defendants filed an objection to the magistrate judge's order.  Docket No. 71.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 72(a)

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See*

*Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly."  *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Discovery disputes are non-dispositive matters.  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  Therefore, the Court will review Judge Varholak's order under the clearly erroneous or contrary to law standard.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### B. **Federal Rule of Civil Procedure 30(b)(6)**

Rule 30(b)(6) permits a party to name as the deponent a public or private corporation.  Fed. R. Civ. P. 30(b)(6).  The rule requires the party noticing the deposition to "describe with reasonable particularity the matters for examination," *id.*, and "a measure of specificity tailored to the facts of the case is required when crafting the topics for a Rule 30(b)(6) deposition."  *Preitauer v. Am. Fam. Mut. Ins. Co., S.I.*, No. 20-cv-00845-RM-SKC, 2020 WL 7711325, at *1 (D. Colo. Dec. 29, 2020) (citation omitted).  Moreover, "the topics of a Rule 30(b)(6) examination . . . must be relevant."  *Erickson v. City of Lakewood*, No. 19-cv-02613-PAB-NYW, 2021 WL 4947231, at *3 (D. Colo. Sept.

23, 2021) (citing *Von Schwab v. AAA Fire & Cas. Ins. Co.*, No. 14-cv-00183-CMA-NYW, 2015 WL 1840123, at *2 (D. Colo. Apr. 21, 2015) (discovery directed at irrelevant matters "imposes a *per se* undue burden"); Fed. R. Evid. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.")).

"In addition, the information sought in a deposition must be 'proportional to the needs of the case.'" *Id.* (quoting Fed. R. Civ. P. 26(b)).  In considering whether the discovery sought is proportional, the court weighs the importance of the discovery to the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  "When the discovery sought appears relevant on its face, or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections."  *Id.* (quoting *Rios v. Ramage*, 2020 WL 6701206, at *2 (D. Kan. Nov. 13, 2020)).

### III.    ANALYSIS

Defendants raise three objections to Judge Varholak's order regarding topics E and Q, namely, that (1) Judge Varholak clearly erred in finding that defendants have failed to demonstrate that it would be overly burdensome to prepare a witness to discuss these topics; (2) Judge Varholak clearly erred in finding that the topics were sufficiently specific; and (3) Judge Varholak failed to consider whether these topics were relevant to plaintiff's case.

4

### A. Objection One

Defendants argue that requiring them to prepare a witness to respond to topics E and Q would be "unduly burdensome and disproportionate to the needs of the case" because the topics potentially request information on hundreds of employees over a period of years. Docket No. 66 at 7, 10. At the hearing, Judge Varholak stated that

> its [defendants'] burden to demonstrate to me the burdensomeness. I have no idea . . . one, how many people are at this facility; two, how many have a disability; three, how many were accommodated. You haven't satisfied that burden. And . . . for all I know there might be two people who had a disability and were accommodated. That's not burdensome to prepare somebody on that. So without that information, I just simply can't conclude that it's overly burdensome.

Docket No. 68 at 13:23–14:8. Defendants present no argument as to how Judge Varholak erred in concluding that defendants had failed to show burdensomeness based on the lack of evidence presented to him. The Court agrees that at the hearing defendants failed to show that preparing a deponent to respond to topics E and Q would be unduly burdensome. Moreover, in their objection to Judge Varholak's order, defendants again claim only that they potentially employed hundreds of employees at Mountain Crest Behavioral Health Center, but they provide no support for the proposition that preparing a deponent would be burdensome based on how many of these employees received accommodations (topic Q) or whether any other discrimination claims were made by employees (topic E). Therefore, defendants have not shown that Judge Varholak's order was clearly erroneous or contrary to law and the Court overrules the first objection.

B. **Objection Two**

Defendants next object to Judge Varholak's order on the grounds that he misapplied the applicable standard under Rule 30(b)(6) and failed "to apply relevant case law" when determining whether topics E and Q describe with reasonable particularity the matters for examination. *Id.* at 6–7. Defendants rely on *Preitauer*, 2020 WL 7711325, at *1, for the proposition that the party taking the deposition must "designate with painstaking specificity the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[1] First, defendants' reference to then Magistrate Judge Crew's order in *Preitauer*, 2020 WL 7711325, at *1, does not show that Judge Varholak's order was clearly erroneous or contrary to law because *Preitauer* is not binding precedent. *Clear Spring Prop. & Cas. Co. v. Arch Nemesis, LLC*, 2024 WL 3511456, at *5 (D. Kan. July 23, 2024) ("in the absence of binding case law providing otherwise, a magistrate judge's choice to follow non-binding persuasive authority over other non-binding persuasive authority does not render her

---

[1] Defendants cite to *Jackson v. Minnesota Dep't of Hum. Servs.*, 2022 WL 1261690, at *7 (D. Minn. Apr. 28, 2022), and *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *9 (D. Colo. Nov. 18, 2005), for the proposition that Dr. Gottfried's notice is overbroad. First, defendants did not present their arguments based on these cases to Judge Varholak and have therefore waived their arguments. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Second, defendants' reliance on magistrate judge opinions, including an opinion from outside of the District of Colorado, do not constitute binding precedent such that Judge Varholak's failure to consider these cases constituted clear error. *Clear Spring Prop. & Cas. Co. v. Arch Nemesis, LLC*, 2024 WL 3511456, at *5 (D. Kan. July 23, 2024) (In "the absence of binding case law providing otherwise, a magistrate judge's choice to follow non-binding persuasive authority over other non-binding persuasive authority does not render her Order as legally deficient" (citation and alterations omitted)). Finally, these case are distinguishable because they do not concern Rule 30(b)(6) notices. *See Jackson*, 2022 WL 1261690, at *1; *Bat*, 2005 WL 6776838, at *1.

Order as legally deficient" (citation and alterations omitted)); *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003) (discussing plain error) ("An error is clear and obvious when it is contrary to well-settled law.  In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue.").  Further, while Judge Crews did indicate that "painstaking specificity" may sometimes be required in Rule 30(b)(6) notices, he also indicated that this was in service of "a measure of specificity tailored to the facts of the case."  *Preitauer*, 2020 WL 7711325, at *1.  As Judge Varholak noted at the hearing, "this isn't that complex of a case."  Docket No. 68 at 9:23–24.  The Court agrees.  Dr. Gottfried alleges he was wrongfully terminated due to his progressive Parkinson's Disease, defendants assert that Dr. Gottfried was instead terminated for a legitimate non-discriminatory reason, and Dr. Gottfried seeks discovery on whether defendants' stated reason is pretextual.  *Id.* at 9:23–10:5.  In light of the nature of Dr. Gottfried's claims, defendants have not shown why greater specificity is required in this case.  Finally, to the extent defendants argue that the "painstaking specificity" standard is different from the "reasonable particularity" standard found in Rule 30(b)(6), defendants cite no authority for the proposition that Dr. Gottfried is subject to this higher standard.  Fed. R. Civ. P. 30(b)(6).

      As to topic E, defendants maintain that Dr. Gottfried's request for information on "disability discrimination claims" is overbroad because it does not specify whether such claims include only those claims filed in court or whether they include complaints made to human resources.  Docket No. 66 at 6.  Moreover, they claim that a request for a "description of facts" is vague because it is not clear what facts Dr. Gottfried hopes to discover.  *Id.*  The Court finds that Judge Varholak's determination that topic E was

7

stated with "reasonable particularity" was not clearly erroneous.  The phrase "disability discrimination claims" is sufficiently precise that defendants could prepare a deponent.  Moreover, to the extent defendants argue that preparing a deponent to also have information regarding human resource complaints would be unduly burdensome, as already discussed, defendants produced no evidence to support this proposition.  Finally, requesting a "description of facts" does not make an otherwise proper notice as to a particular matter overbroad, given that, at the deposition, Dr. Gottfried can reasonably expect a deponent to describe facts relevant to the identified topic.

As to topic Q, defendants assert that the topic is overbroad because Dr. Gottfried "does not specify what, if anything beyond a name, he wants to know about the 'other disabled individuals.'"  *Id.* at 9.  Defendants incorrectly construe the topic; topic Q asks for information about "how [these individuals were] accommodated by UCHA and/or PVMG within the last five years at the Mountain Crest location."  Docket No. 66-1 at 5.  Finally, topics E and Q are limited both by the period of time (the last seven and five years respectively), and the specific facility at issue (the Mountain Crest Behavioral Health Center).  Judge Varholak's determination that topics E and Q were sufficiently particularized under Fed. R. Civ. P. 30(b)(6) was not clearly erroneous or contrary to law.  The Court overrules the second objection.

### C. Objection Three

Defendants argue that Dr. Gottfried has not demonstrated that topics E and Q are relevant to his case.  Docket No. 66 at 7.  "The general test of discoverability is whether the information sought by a discovery request is 'relevant to any party's claim or defense.'"  *Gebremedhin v. Am. Fam. Mut. Ins. Co.*, No. 13-cv-02813-CMA-NYW,

2015 WL 4272716, at *4 (D. Colo. July 15, 2015), *objections overruled*, 2015 WL 12967849 (D. Colo. Aug. 18, 2015) (quoting Fed. R. Civ. P. 26(b)(1)).  "This is a broad standard meant to allow the parties to discover the information necessary to prove or disprove their cases."  *Id.* (citing *Bagher v. Auto-Owners Insurance Company*, No. 12–cv–00980–REB–KLM, 2013 WL 5417127, at *5 (D. Colo. Sept. 26, 2013)).  Defendants argue that Dr. Gottfried has the burden of proving a *prima facie* case of discrimination and that "[o]ne way to show that an adverse action, such as a termination, occurred under circumstances giving rise to an inference of discrimination is to point to similarly situated comparators outside of the plaintiff's protected class who engaged in similar conduct to the plaintiff but who were treated more favorably."  Docket No. 66 at 7 (citing *Green v. U.S. Anesthesia Partners of Colorado, Inc.*, 624 F. Supp. 3d 1201, 1214–15 (D. Colo. 2022), *aff'd*, 2023 WL 7015660 (10th Cir. Oct. 25, 2023)).  Defendants contend that information regarding other disabled employees is not relevant to Dr. Gottfried's case because he has not shown that these individuals are appropriate comparators.  *Id.* at 7–8.  Dr. Gottfried responds that he is not seeking "comparator evidence," but rather "pattern evidence."  Docket No. 69 at 7.  He argues that, "[i]n indirect discrimination cases, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent."  *Id.* at 8 (citing *Spulak v. K Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir. 1990)).

      Defendants did not present their argument that topics E and Q seek irrelevant discovery to Judge Varholak either in the parties' Joint Statement Regarding Discovery Dispute Issues or at the hearing.  As such, the Court finds that the issue is waived.  *See* Docket No. 66-3; Docket No. 68; *Marshall*, 75 F.3d at 1426 ("Issues raised for the first

9

time in objections to the magistrate judge's recommendation are deemed waived."). Moreover, even if the Court were to consider the issue, Judge Varholak's order was not clearly erroneous because topics E and Q both seek information relevant to Dr. Gottfried's discrimination claims; they address defendants' treatment of other disabled employees at the facility where he was terminated.  *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1315 (10th Cir. 2006) (evidence of other employees' treatment is relevant to the issue of employer's discriminatory intent).  As such, Dr. Gottfried has satisfied his initial burden of showing relevance and defendants have failed to otherwise support their objections.  *Erickson*, 2021 WL 4947231, at *3 ("When the discovery sought appears relevant on its face, or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections.").  Accordingly, the Court overrules the third objection.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendants' Rule 72 Objections to the October 11, 2024 Order [ECF No. 65] [Docket No. 66] are **OVERRULED**.

DATED January 21, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge